UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOSEPH CHARLES CARSON,

        Plaintiff,

vs.                                                               Case No. 5:13-CV-507-27PRL

DR. GRAJALES, et al.,

        Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendants Grajales, Buggs, Lee, Storey, and United States' Motion to Dismiss, and Alternatively, Motion for Summary Judgment (Dkt. 27). Plaintiff has filed a response requesting the opportunity to conduct discovery (Dkt. 38). For the reasons discussed below, Defendants' motion is granted in part and denied in part.

## BACKGROUND

In his Amended Complaint (Dkt. 8), Plaintiff alleges the following: On July 7, 2011, while incarcerated at the Coleman Federal Correctional Complex, Medium, in Coleman, Florida, he slipped and fell, breaking his right hand. Defendant Storey, a nurse, did not x-ray his hand or wrap it and refused to give him medication for pain. Plaintiff waited five days for a medical call-out, to no avail, and on July 12, 2011, after complaining to an officer, was seen by a mid-level practitioner (MLP). The MLP x-rayed Plaintiff's hand and told him that he needed to see a surgeon as soon as possible. Defendant Dr. Lee reviewed the x-rays and the MLP's findings, and Plaintiff's hand was placed in a bandage. He was given ibuprofen for pain, but could not take it because of a pre-existing medical condition. On July 26, 2011, Plaintiff saw an orthopedic surgeon, Defendant Dr. Chiang,

who informed Plaintiff that he should have seen him much sooner, because his bone was beginning to heal. Plaintiff's hand was placed in a cast and additional x-rays were ordered. The additional x-rays did not occur until October 5, 2011. Meanwhile, between July 27, 2011 and August 30, 2011, Plaintiff complained to Defendants Buggs and Lee several times of pain but received no response. Plaintiff saw Dr. Chiang again on August 30, 2011, but no action was taken despite continued, intense pain. Plaintiff saw Dr. Chiang the next time on May 29, 2012, when Dr. Chiang noted no improvement and recommended Plaintiff see another hand specialist. Defendant Grajales, clinical director, approved an orthopedic consultation on June 5, 2012; a hand surgery evaluation on June 19, 2012, and the hand surgery on December 19, 2012. Plaintiff received surgery on his broken hand on April 18, 2013, nearly two years after he broke his hand.

Plaintiff asserts claims under the Federal Tort Claims Act (FTCA) and for deliberate indifference to his medical needs pursuant to Bivens v. Six Unknown Fed. Narcotic Agents, 403 U.S. 388 (1971).[1] Plaintiff seeks damages in the amount of $150,000 (Dkt. 8).

## DISCUSSION

In their Motion to Dismiss, and Alternatively, Motion for Summary Judgment (Dkt. 27), Defendants Grajales, Buggs, Lee, and Storey argue that they are immune from suit in their official capacity; that they are entitled to summary judgment on the deliberate indifference claim; and that they are entitled to qualified immunity. Dr. Grajales also asserts that she is entitled to absolute immunity by virtue of her role as an officer with the Public Health Service. The United States asserts that it is entitled to summary judgment because Plaintiff has provided no medical evidence to support

---

[1] Although Plaintiff is currently represented by counsel, he filed both his initial complaint (Dkt. 1) and his amended complaint (Dkt. 8) *pro se*. In his original complaint, Plaintiff states that he is suing under both Bivens and the FTCA. In his amended complaint, Plaintiff does not specifically refer to Bivens, but a liberal construction of his *pro se* amended complaint gives rise to both types of claims. See, e.g., Haines v. Kerner, 404 U.S. 519 (1972).

his position (Dkt. 27). In response, Plaintiff's counsel requests the opportunity to conduct discovery in order to adequately respond to the motion for summary judgment (Dkt. 38).

Although Plaintiff does not specify in his amended complaint in what capacities he is suing defendants, defendants are correct that they are immune from suit in their official capacities as to the Bivens claims. Accordingly, any official capacity Bivens claims against Defendant Grajales, Buggs, Lee, Storey, and the United States are dismissed. See, e.g., Kentucky v. Graham, 473 U.S. 159 (1985).

As to Plaintiff's Bivens claim against Dr. Grajales individually, this claim is also dismissed because she is immune by virtue of her position as a Public Health Service (PHS) officer. See 42 U.S.C. § 233(a); Hui v. Castaneda, 559 U.S. 799, 802 (2010) (holding that "based on the plain language of § 233(a), we conclude that PHS officers and employees are not personally subject to Bivens actions for harms arising out of such conduct.")

As to Defendants' request for summary judgment on all claims, and their argument that they are entitled to qualified immunity because Plaintiff has failed to state a claim for a constitutional violation, the Court finds that Plaintiff is entitled to conduct discovery prior to a ruling on these arguments. The motion is denied without prejudice to the extent that Defendants request summary judgment in their favor prior to a discovery period.

Finally, the Court notes that service has not been executed as to Defendant Dr. Chiang. Service was unsuccessful at FCC Coleman - Medium (Dkt. 14), and service was attempted again at a Dade City address provided by Plaintiff (Dkt. 30). The USM-285 service form was returned unexecuted, with notes showing that several attempts at service were made. On November 19, 2014, the Court directed to Plaintiff to show cause why Defendant Chiang should not be dismissed without prejudice for failure to timely serve Defendant Chiang in accord with Rule 4(m) of the Federal Rules

of Civil Procedure (Dkt. 31). In response, Plaintiff's counsel filed, unaccompanied by any memorandum or notice, a copy of the service form showing that service was unsuccessful (Dkt. 32). Based on the failed attempts at service and Plaintiff's response, Defendant Chiang is due to be dismissed without prejudice.

## CONCLUSION

Accordingly, it is **ORDERED** that the Defendants' Motion to Dismiss, and Alternatively, Motion for Summary Judgment (Dkt. 27), is **GRANTED IN PART AND DENIED IN PART.** The motion is granted to the extent that any official capacity Bivens claims against the defendants are dismissed; Defendant Grajales is **DISMISSED** from the case because she is immune from the Bivens claim against her. The motion is denied to the extent that defendants seek judgment in their favor on the Bivens and FTCA claims. The parties will be permitted to conduct discovery and submit dispositive motions pursuant to a separate scheduling order. The scheduling order will be entered after Defendants have filed an answer. Fed. R. Civ. P. 12(a)(4)(A).

In addition, Defendant Chiang is **DISMISSED** from this suit without prejudice because Plaintiff failed to timely serve the defendant in accord with Rule 4(m) of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in chambers this 3rd day of March, 2015.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record